**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CARMEN MARIE MILLER,                                                                          PLAINTIFF
ADC # 712565

v.                                         3:14CV00265-BSM-JJV

SAMMIE JO JOHNSON; *et al.*                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Carmen Miller ("Plaintiff") is an inmate of the Arkansas Department of Correction. She filed this *pro se* action, pursuant to 42 U.S.C. § 1983, claiming Defendants Sammie Jo Johnson and Blanchard exhibited deliberate indifference toward her serious medical needs during her previous incarceration in the Greene County Jail. (Doc. No. 5 at 4-5.) Now, Defendants have filed a Motion for Summary Judgment (Doc. No. 23) and Plaintiff has responded (Doc. No. 26).

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

Plaintiff alleges that Defendants failed to provide adequate medical care during her incarceration at the Greene County Jail. (Doc. No. 5 at 4-5.) Specifically, she claims Defendants did not properly monitor her prescribed medications. (*Id*. at 4.) As a result, she experienced "both homicidal [and] suicidal thoughts" for two-and-a-half months. (*Id*.) Plaintiff also suffered a double ear infection for which Defendants allegedly failed to offer timely treatment. (*Id*. at 5.)

For their part, Defendants advance three arguments in support of their Motion for Summary Judgment. First, they contend that Plaintiff has failed to state any viable official capacity claims. Second, they argue the record establishes that neither Defendant was deliberately indifferent to Plaintiff's medical needs. Finally, they state that both Defendants are entitled to qualified immunity.

After careful review of the pleadings and, for the reasons stated hereafter, I conclude that Defendants are entitled to summary judgment.

**A.     Official Capacity Claims**

An official capacity claim against an individual is equivalent to a claim against the entity that employs her. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted). Accordingly, Plaintiff's official capacity claims must be construed as proceeding against Greene County. In order to sustain a section 1983 claim against a county defendant, however, a claimant must establish that it has implemented some policy, custom, or practice which violated her constitutional rights. *See Angarita v. St. Louis County*, 981 F.2d 1537, 1546 (8th Cir. 1992).

I find that Plaintiff has failed to allege the existence of any county policy or practice which violated her rights. Nothing in her Amended Complaint indicates that the purported inadequacies in her medical care can or should be attributed to any policy, official or otherwise, of Greene County. Moreover, Plaintiff has not offered argument or evidence to

the contrary in her Response.

Based on the foregoing, I recommend that Plaintiff's official capacity claims be dismissed.

**B.     Qualified Immunity**[1]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also*

---

[1] In their brief, Defendants raise a separate argument that the weight of evidence does not support a violation of Plaintiff's Eighth Amendment rights. Analysis of that argument overlaps with a discussion of qualified immunity, and I elect to evaluate immunity first because "Qualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible stage of the litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

*Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). After reviewing the record, I find that the facts shown, construed in a light most favorable to Plaintiff,[3] do not establish a violation of her constitutional rights.

With respect to Plaintiff's claims regarding the failure to monitor her medication, Defendants provide evidence that she requested an increase in her Paxil dosage on January 7, 2014. (Doc. No. 25-3 at 10.)[4] In her January 8, 2014, Response, Defendant Johnson stated that an increase in Paxil would be granted. (*Id*.) Defendant Johnson's affidavit indicates that Plaintiff experienced shaking, confusion, and 'hearing voices' on January 19, 2014. (Doc. No. 25-4 ¶ I.) Plaintiff underwent emergency treatment that same day, first by way of a crisis screening and then a visit to the emergency room. (Doc. No. 25-3 at 11-14.)

In her Response, Plaintiff alleges that this emergency treatment was necessary because Defendant Johnson gave her an incorrect dosage of the drug 'Lybrax.' (Doc. No. 26 at 1.) Even if this is true, it does not establish that Defendant Johnson was deliberately indifferent

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

[3] While the record is generally construed in Plaintiff's favor, I am not required to accept her version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it. *See Jones v. McNeese*, 675 F.3d 1158, 1162 (8th Cir. 2012).

[4] The scan of this request is faded and, at parts, difficult to read. Defendants' characterization of its content appears to be accurate, however. Plaintiff has not disputed their characterization in her Response.

to Plaintiff's medical needs. Notably, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).[5] Defendant Johnson, to the extent her failure to administer a proper dose of Lybrax was the actual cause of Plaintiff's adverse reaction, may have been negligent. No evidence or allegation before me, however, indicates that Defendant Johnson acted with the kind of recklessness necessary to sustain a deliberate indifference claim. I am sympathetic to the pain or fear Plaintiff may have experienced due to the failure to properly calibrate her medication. Nevertheless, I conclude that Defendants acted responsibly in providing the aforementioned emergency care and discontinuing her Lybrax treatment after the incident. (Doc. No. 25-3 at 18.)

Plaintiff required a second round of emergency care in March 2014. (*Id*. at 16.) Her symptoms were diagnosed as attributable to anxiety and muscle cramps. (*Id*.) Plaintiff alleges that the failure to properly monitor her with blood work and physician follow-up visits rendered this emergency care necessary. (Doc. No. 26 at 1.) Here again, the allegations and record evidence are insufficient to support a claim of deliberate indifference. First, no evidence before me indicates that the purported failure to conduct blood work or schedule more frequent physician visits actually contributed to Plaintiff's need for emergency

---

[5] Plaintiff states that she was a pre-trial detainee at the time of these incidents. (Doc. No.5 at 3.) Regardless, deliberate indifference is the appropriate standard by which to weigh her claims. *See Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007).

care in March 2014.  Second, records establish that Defendants did monitor Plaintiff's medication intake and, as before, afforded her speedy emergency care when the need arose. (Doc. No. 25-3 at 16-24.)  It may be that diagnostic blood work and more frequent follow up appointments would have been a more appropriate course of treatment.  Perhaps the failure to provide them was even negligent.  No reasonable fact-finder could conclude, based on the record as it stands, that Defendants were deliberately indifferent to Plaintiff's medical needs, however.

Turning to Plaintiff's claim regarding her ear infection, the record indicates she first submitted a medical form complaining of ear pain on December 3, 2013.  (*Id*. at 7.) Defendant Johnson responded to her complaint by scheduling a physician call on December 5, 2013.  (*Id*.)  Plaintiff was prescribed various medications for her ear infection at the December 5, 2013, visit.  (*Id*. at 8.)  In her Response, Plaintiff asserts that Defendant Johnson was aware of her ear infection for a month prior to this recorded treatment.  (Doc. No. 26 at 1.)  With the record construed in Plaintiff's favor, this allegation still finds no support.[6]  No evidence indicates she submitted earlier requests for treatment or that Defendant Johnson was otherwise apprised of her condition.

Based on the foregoing, I conclude that Defendants are entitled to qualified immunity and the individual claims against them should be dismissed on that basis.

---

[6] It also conflicts with Plaintiff's allegations in her Amended Complaint, wherein she alleges that she waited between two and two-and-a-half months for treatment of her ear infection. (Doc. No. 5 at 5.)

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 23) be GRANTED.

2. Defendants Sammie Jo Johnson and Blanchard be DISMISSED with prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of September, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE